HON. JAMES BARRETT,
HON. HOYT H. WHEELER,
HON. HOMER E. ROYCE,
HON. H. HENRY POWERS,
} ASSISTANT JUDGES.

---

### KELSEY v. KENDALL.

*Conditional Sale. Construction of Statutes.*

Where the vendor of personal property reserves a lien upon it at the time of sale, and the property is subsequently exchanged for other property by the vendor's consent, with an agreement between him and the vendee that his original lien shall attach to the property exchanged for, such lien can be enforced.

A statute amending a prior statute by declaring that it shall read in a given manner, has no retrospective effect.

Under the statute of 1870 relating to liens reserved on property sold conditionally, *actual* notice has the same effect as the record thereby required would have if regularly made.

TROVER for a gray mare. The case was referred, and the referee reported that on the 19th of September, 1872, the plaintiff sold a bay mare to Charles and Edward Mero, for seventy-five

dollars, and took their note therefor, still unpaid, with a clause therein that the mare was to be the plaintiff's till the note was paid ; that the mare thereupon went into the possession of the said Edward, for whom she was bought, and that neither the note, nor any memorandum witnessing the plaintiff's lien, was ever recorded ; that soon thereafter the said Edward desired to swap said mare with one Dane for a gray mare, to which the plaintiff consented, and that it was verbally agreed by the plaintiff, Edward, and Dane, that plaintiff should discharge his lien on the bay mare and have one on the gray mare in lieu thereof, whereupon the exchange was made, and the said Edward took possession of the gray mare ; that in February, 1873, the defendant, having notice of the plaintiff's lien on the gray mare, and of the nature thereof, by consent of said Edward, swapped the gray mare for a span of horses, and afterwards accounted to said Edward for said mare. The referee found for the plaintiff to recover the value of said mare.

The court, at the September Term, 1874, Ross, J., presiding, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*Grouts*, for the defendant.

*W. D. Crane*, for the plaintiff.

The opinion of the court was delivered by

Royce, J. The plaintiff sold the bay mare described in the report to the Meros on the 19th of Sept. 1872, and reserved a lien thereon to secure the payment of the purchase money. This lien was evidenced by a stipulation contained in a note that was given by said Meros to the plaintiff for the price that was agreed to be paid for said mare. No record was ever made of this note in the town clerk's office in the town where the parties to the contract then resided.

Soon after the sale of the bay mare to the Meros, they became desirous of exchanging her with one Dane for the gray mare for which a recovery is sought in this suit. Dane knew that the

4

plaintiff had a lien upon that bay mare, and declined making the exchange without the plaintiff's consent. Thereupon the plaintiff was applied to, and it was agreed between him, the Meros, and Dane, that the Meros might make the exchange, and that the lien of the plaintiff on the bay mare should be discharged, and that the lien which he had had on the bay mare should be transferred, and attach to the gray mare taken in exchange for her. It has been repeatedly held in this State, where the vendor of personal property reserved a lien upon it at the time of the sale, and the property was exchanged for other property by the consent of the vendor, with the understanding and agreement between the vendor and vendee that the vendor's original lien should attach to the property exchanged for, that such a lien could be enforced. So that as between the plaintiff and the Meros, the plaintiff had a valid lien upon the gray mare. The defendant claims that the plaintiff's lien cannot prevail against his title as a purchaser, for the reason that there was no such written memorandum witnessing such lien recorded in the town clerk's office, as is required by No. 63 of the Acts of 1870, and the act amendatory thereof (No. 51) passed in 1872. The statute of 1870 provided that no lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser, should be valid against attaching creditors or subsequent purchasers, unless a written memorandum, signed by the purchaser, witnessing such lien and the sum due thereon, should be recorded in the town clerk's office as required by that statute. The only amendment made to that statute by the statute of 1872 that is material to the present inquiry, was the addition of the words, " without notice," after the word " purchasers "; and it is claimed by the plaintiff that these words have a retroactive effect. But we understand that a statute amending a prior one by declaring that it shall be amended so as to read in a given manner, has no retroactive effect. The portion of the amended statute, which is merely copied without change, is not to be considered as repealed and again enacted, but to have been the law; and the new parts are not to be taken to have been the law prior to the passage of the amended statute. The new provisions are to be understood as enacted at the time

the amended statute went into effect. *Ely et als.* v. *Holton*, 15 N. Y. 595 : Sedgw. on Construction of Stat. & Const. Law, 160 ; *Bay* v. *Gage*, 36 Barb. 447.

The statute of 1872 was in force at the time the defendant acquired his title ; and the fact found by the referee, that the defendant knew that the plaintiff had a lien upon the property before he purchased it, is conclusive.

Actual notice has the same effect in determining the right of precedence between persons claiming under different titles from the same party, as a record regularly made would have.

Judgment affirmed.