JOHN HOGABOON AND OTHERS v. TOWN OF HIGHGATE.

*Resurvey of Highway.    Appeal.    Statutes, Repugnancy in.*

1. When the selectmen resurvey a highway, thereby establishing the original boundaries, there is no appeal from their decision to the County Court. The remedy by petition and appointment of commissioners applies only where a road *has been laid out or altered.*

2. Those who have encroached on a highway by fences since the statute of 1858, R. L. s. 3125, are not entitled to damages on a resurvey by selectmen, establishing the original boundaries.

3. When two statutes are repugnant the one last enacted prevails, and repeals the former so far as the repugnancy extends, but no further.

4. R. L. ss. 2920, resurvey of highway, land damages ; 125, possession gains no right in highway; 2940, lay out, &c., petition to County Court,—construed.

APPEAL—by way of petition for commissioners—from the action of selectmen in resurveying a highway.    Commissioners were appointed, September Term, 1881, and their report heard April Term, 1882, ROYCE, Ch. J., presiding.    Judgment *pro forma* upon the report that the proceedings of the selectmen be quashed, and for the petitioners to recover their costs.    The facts are stated in the opinion.

*H. S. Royce* and *H. S. Johnson,* for the petitioners.

*Burt, Hall & Burt* and *J. A. Fitch,* for the defendant.

The opinion of the court was delivered by

VEAZEY, J.    In 1881, certain residents of the town of Highgate addressed a petition to the selectmen to resurvey the Lampkins road, so called.    The petition began as follows: " Whereas the original survey of the road on what is called Lampkins Street, in the village of Highgate, as recorded in said town of Highgate, is such that the terminations and boundaries of said highway cannot accurately be ascertained, therefore we   .   .   .   .   petition you to resurvey and lay out said highway, so that the northerly

line of said highway will be three rods distant from," &c.   Then
follows the description, calling for a three-rod road.   The select-
men reported that they "resurveyed the Lampkins road, so
called,  . . . ." and " find and locate said road as follows: "
Then they give the description by degrees and distances from a
given point.   The road fences and the occupation had not been
on the line as thus described, and the petitioners in this case,
treating the survey by the selectmen, not as a strict resurvey and
establishment on the original boundaries, but as an alteration and
enlargement of the road as first laid out, and feeling aggrieved
thereby brought this petition to the County Court, under the stat-
ute, which, although an original proceeding, is usually spoken of,
and is in the nature of, an appeal from the action of the selectmen.

At the September Term, 1881, of the County Court to which
this petition was returnable, the defendant town filed a motion to
dismiss the same, on the ground that the statute does not provide for
a petition in the nature of an appeal from a resurvey by selectmen.
The County Court *pro forma* denied the motion and appointed
commissioners, to which the defendant excepted.   The commis-
sioners made report to the April Term, 1882, and the County
Court rendered a *pro forma* judgment thereon, quashing the pro-
ceedings of the selectmen, and for the petitioners to recover their
costs, to which the defendant excepted.   The first question is
whether the action of the selectmen was anything more than a
resurvey and a finding and locating of old boundaries.   If it was
nothing more, then the motion to dismiss should have prevailed,
because there can be no appeal from a simple resurvey.   The rem-
edy by petition to the County Court and appointment of commis-
sioners applies only when a road has been laid out or altered by
selectmen.   Sec. 2940, R. L.; *Penniman* v. *St. Johnsbury*, 54
Vt. 306.

It is possible that the petition to the selectmen would have war-
ranted an alteration of the original boundaries, but we are in-
clined to think this report shows only a resurvey on the old
boundaries.   They say, " we resurveyed, found and located as
follows."   We think this means that they found the boundaries
according to the original survey, and proceeded to locate them as

they found them, so as to be permanent and certain; not that they located new and different boundaries from former ones· But if there was ground for doubt on this point, we think the report of the commissioners unmistakably shows that the survey of the selectmen was not an alteration; so that if the petition, which contained the report of the selectmen, was not dismissible on its face, it became so upon the report of the commissioners. This seems to us so apparent that we do not deem it justifiable to take the space required to set forth the long report which we have thus construed.

Another question arises as to the right of some of the petitioners to damages for removing their fences and for land damages. , It appears that their fences stood in the highway as it was originally laid out, but they were put there since 1858. Prior to that time the statute provided that where it was found upon a resurvey that fences or buildings had stood within the surveyed limits more than fifteen years, they could not be removed or the lands enclosed taken for the highway without compensation, as in other cases of altering highways. Sec. 2920, R. L. In 1858, section 3125, R. L., was enacted, providing that no person shall gain a right or interest within the limits of a highway by occupation. This act necessarily repealed the previous act as to compensation in cases where the possession and occupation began after the act of 1858. Repeals by implication are not favored in law and are never allowed but in cases where inconsistency and repugnancy are plain and unavoidable; but if there are two statutes on the same subject which are repugnant, the latest operates as a repeal of the first so far as the repugnancy extends, but no farther. The latest expression of the legislative will must prevail. *Harrington* v. *Trustees*, 10 Wend. 550; Bac. Abr. tit. statutes D.; *Bowen* v. *Lease*, 5 Hill, 225; *Williams* v. *Potter*, 2 Barb. 316; *Van Rensselaer* v. *Snyder*, 9 Barb. 302; *Wallace* v. *Bassett*, 41 Barb. 92; *Dash* v. *Van Kleeck*, 7 John. 497; 2 Q. B. Rep. 84; Potter's Dwarris on St. 154; Broom's Legal Maxims, p. 27. In the light of this rule what was the intent in the enactment of 1858? It could not have been to prevent the accruing of a right in the nature of a possessory title in *less* than fifteen years,

because without the enactment no such right could accrue in a less period. Therefore unless that act was intended to operate as a repeal of the previous law in the respect above stated, and unless it does have that effect, it has no operation at all.

Another answer to the claim of the petitioners in this case is that already stated, that the statute does not provide for an appeal by petition to the County Court, except where a highway has been laid out or altered by the selectmen, neither of which was done in this case. The County Court therefore had no jurisdiction for any purpose.

The *pro forma* judgment of the County Court is reversed and the petition dismissed.