IN RE ORDER OF RAILROAD COMMISSIONERS, RUTLAND RAIL-
ROAD COMPANY, APPELLANT.

October Term, 1906.

Present:   ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and
MILES, JJ.

Opinion filed November 20, 1906.

*Construction of Statutes—Repeal by Implication—Railroad
Commissioners—Supreme Court—Jurisdiction — Depots
and Station Houses—V. S. 3890, 3989.*

Repeals by implication are not favored, and a statute will not be
construed as repealing a prior Act on the same subject, in the
absence of express words to that effect, unless the two Acts are
so positively repugnant that they cannot be reconciled by any
fair and reasonable construction.

A statute will not be construed as ousting or restricting the juris-
diction of a superior court and vesting it in an inferior tribunal,.
without express words or necessary implication to that effect.

No. 23, Acts 1886, which created the Railroad Commission and defined
its powers, having repealed only such Acts and parts of Acts as:
were inconsistent therewith, neither that Act nor V. S. 3989, which.
was §10 thereof, as amended by §6, No. 68 Acts 1902, either ex-
pressly or by implication repealed V. S. 3890, giving the Supreme:
Court jurisdiction to compel railroad corporations to establish and
maintain suitable depots or station houses at such points on their
roads as the court shall designate.

V. S. 3989, as amended by §6, No. 68, Acts 1902, gives the Railroad
Commissioners only the power to compel railroad corporations to
make changes in respect of *existing* depots and station houses;
and the Railroad Commissioners have no jurisdiction to compel
the construction of depots or station houses at points where there
are no such buildings; that power being in the exclusive juris-
diction of the Supreme Court, by virtue of V. S. 3890.

APPEAL to the Supreme Court for Rutland County, by the Rutland Railroad Company, from an order of the Railroad Commissioners.    Heard at the October Term, 1906.    The opinion fully states the case.

*H. Henry Powers* for the appellant.

*Clarke C. Fitts,* Attorney General, for the State.

MILES, J.    This is an appeal from an order of the Railroad Commissioners.    No question is made but that the appeal was regularly taken and the cause properly brought to this Court.    The only question raised and argued before us rests upon a motion to quash the order of the Board of Railroad Commissioners for want of jurisdiction in that Board to make the order.    The facts in the case necessary to be stated for a full understanding of the question raised, are as follows:

For many years previous to the second day of June, 1902, the Rutland Railroad Company had maintained a station at Bartonsville, Vt., suitable for the accommodation of passengers and those using it for freighting purposes at that point.    On that day, having complied with all the requirements of the statute, the Rutland Railroad Company, appellant in this proceeding, discontinued and removed that station, and from thence until the present time, no station has existed at that place.    At some time in 1903, the station house was destroyed by fire, and since then an old dismantled box car has been the only accommodation afforded the patrons of the Railroad Company, who have desired to use a station at that point, and the Railroad Company have kept no station agent there since the discontinuance and removal of the station.    The company have stopped their trains there since the discontinuance, to take on persons desiring to board any of its local trains when flagged

for that purpose, and have taken on and delivered small amounts of freight at different times at that point; but, since the discontinuance, the station there has never been re-established. The order from which the Railroad Company took its appeal, and which they move to have quashed, is as follows, viz.:

"It is, therefore, ordered that the Rutland Railroad Company build and erect a depot upon its line at Bartonsville suitable and adequate for the use and convenience of the patrons of the road at that point and complete the same ready for occupancy on or before the 15th day of June, 1906, and that when the same is completed, said Rutland Railroad Company shall employ an agent at said Bartonsville to transact the business of the company at that point. Done at Montpelier, Vt., this 8th day of March, 1906." The order was duly signed by the Board.

Counsel in support of the order claim that, under section 3989 of the Vermont Statutes as amended by section 6 of Act No. 68 of the Acts of 1902, the Board had authority to establish a station on any railroad in this State when they adjudged the public good required it. On the other hand, counsel for the appellant contend that the Board did not have such authority, and that the same is exclusively given to this Court by section 3890 of the Vermont Statutes. This statute was enacted in 1869 and was amended in 1884, when it took its present form. Section 3989 was originally enacted in 1886, and the act containing that section contained another section repealing all acts and parts of acts inconsistent with that act.

That section 3890 gives this Court power and jurisdiction to establish such station upon proper petition and hearing, is undisputed, unless it has been repealed by the repealing clause contained in the act of 1886 or by the amendment of 1902.

To have been repealed by the act of 1886, section 3890 must have·been inconsistent with it at the time of its passage. Upon an examination of that section and the act of 1886 it will be observed that section 3890 simply provides for the enforced permanent establishment of a "depot or station house"; while the act of 1886 only provided for the enforced additions to or change in the stations or station houses. No. 23 of the Acts of 1886, section 10.

From this examination it will be observed that section 3890 is not inconsistent with Act No. 23 of the Acts of 1886, and therefore was not repealed by it.

Section 3989 V. S., which is section 10 of No. 23 of the Acts of 1886, was only changed in the amendment of 1902 by adding thereto the following: "or any change of the location of the stations or station houses, or additional or new stations or station houses," thereby providing in the amended section for the enforced addition to or change in the stations or station houses, the change of their location and the erection of additional and new station houses. This amendment contained no express repealing clause, and if it repealed section 3890, it did so by implication. The rule is well established that repeals by implication are not favored, and a statute will not be construed as repealing prior acts on the same subject, in the absence of express words to that effect, unless there is an irreconcilable repugnancy between them, or unless the law is evidently intended to supersede all prior acts on the matter in hand and to comprise in itself the sole and complete system of legislation on that subject. It is only when the two acts are positively repugnant to such an extent that they cannot be reconciled and made to stand together by a fair and reasonable construction that the rule *"Leges posteriores priores contrarias*

*abrogant"* applies. Black on Interpretation of Laws, p. 112 *et seq.*

This rule applied to the case at bar, removes all possible question as to the repeal of section 3890, for there is no repugnancy between this section and section 3989 as amended, and nothing appears in the act nor in the amendment showing an intention on the part of the Legislature to have that amended section supersede section 3890. To hold with the contention of counsel appearing for the Board, would overturn the well established rule of law, that a statute will not be construed as ousting or restricting the jurisdiction of a superior court and vesting the same in an inferior court, without express words or a necessary implication to that effect. Black on Interpretation of Laws, p. 123 *et seq.*

It is urged that, although section 3890 may be the existing law of this State, yet it does not follow that the Board have not the same jurisdiction given to them by section 3989 as amended, and that the two sections, although giving jurisdiction to the Board and the Supreme Court of the same subject-matter, may well stand together. It is needless to consider whether concurrent jurisdiction could exist in this Board of Railroad Commissioners with its limited powers and orders enforceable only by fine imposed by some court having common law jurisdiction, or by application to this Court; for the subject-matter of section 3989 as amended, is different and distinct from that of section 3890, and hence the Board has no jurisdiction over the proceedings provided for in that section.

Section 3890, as before stated, had its origin in 1869 and took its present form in 1884. Its only scope is to invest the Supreme Court with power to compel railroads to establish and maintain suitable depots and station houses *at such points* on their roads as the Court should designate. When this has

been done all the powers of the Supreme Court under this section have been exhausted.   This was the status of the law when section 3989 was first enacted.   That section was evidently passed to add to the law a power enabling the Board of Railroad Commissioners to inaugurate proceedings to compel the railroads to change their stations and station houses at the point where they already existed and make additions thereto, as the public necessities required, a power in addition to the powers conferred by section 3890.   The amendment of 1902 conferred still further powers over railroads and lodged the primary enforcement in the Board of Railroad Commissioners. These added powers enabled the Board, in addition to their right to order the railroads to change their stations or station houses and make additions thereto, to order a change in the location of their stations or station houses and to furnish new and additional station buildings or station houses where a station had already been established and then existed.   In looking at the two sections it is plain to be seen that the object of section 3890 is to establish, that is, to create something that did not before exist; and that the object of section 3989 and its amendment was to afford, that is, to furnish, improve and repair something that already existed.   We think the Legislature used the words, "stations or station houses" in section 3989 as amended to denote the buildings at the point where a station had already been established and not the place itself, and that it added to the law, instead of declaring the law which it had previously enacted.

The printed case, as is already stated, shows that trains stopped at Bartonsville occasionally to take on passengers and freight and to let passengers off and to deliver freight there; but this was done presumably as an accommodation and did not create or establish a station at that point.   The result,

therefore, is that the Board of Railroad Commissioners had no authority to make the order which they did make and from which the appeal was taken.

*Judgment that the order of the Commissioners is null and void and set aside and held for naught.*