TOWN OF HARTLAND *v.* ALMA C. OTIS DAMON'S ESTATE.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 6, 1931.

520

522

*Herbert G. Tupper* for the Estate of Alma C. Otis Damon.

*Evarts & Perkins* and *Stickney, Sargent & Chase* for Town of Hartland.

MOULTON, J. The selectmen of the town of Hartland presented to the commissioners on the estate of Alma C. Otis Damon, deceased, a claim for taxes upon certain intangible property owned by the decedent which had not been set in the grand list, and upon which no taxes had been paid during the years 1926, 1927, and 1928, under the provisions of section 13, No. 21, Acts of 1925, as amended by section 1, No. 14, Acts of 1927. The commissioners allowed the claim at the rate of two per cent. per annum on the value of the omitted property, in accordance with the statute. The executors appealed to the county court, wherein a hearing was had upon their demurrer to the amended complaint filed by the town. The demurrer was sustained upon one specified ground, and overruled as to all the others. Both parties excepted. The demurrer assigned sixteen grounds, but several of them are waived. Others may be considered together.

The statute, as amended, provides that "whenever the selectmen of any town have reason to believe and do believe that upon the property of any decedent taxable in such town under sections one and two of this act the tax thereunder has not been assessed and paid as provided herein, such selectmen shall present to the commissioners upon such decedent's estate, in the name of such town, claim for the amount of taxes upon such property as has not been set in the grand list and taxes herein assessed thereon have not been paid and such commissioners, if

it appears upon hearing as provided for hearing upon other claims against the estate, that the tax provided under the provisions of sections one and two of this act upon any part of the estate subject thereto, has not been paid they shall allow such claims at the rate of two per cent per annum on the value of all such omitted property for the period of five years prior to the death of such decedent, provided such period shall not be treated as covering any time prior to the date when this act takes effect.'' ·

It is not questioned that the property here involved is taxable under sections one and two of the act, with the exception of certain annuity contracts which are the subject of that ground of the demurrer which was sustained, and which will be considered later.

■ The first, second, and twelfth grounds of demurrer are briefed together by the defendants, and are, in effect, that the amount of the tax or penalty provided in the statute is excessive, arbitrary, and unreasonable, because it is not fairly equivalent, or approximately equal, to the tax which would have been assessed on the property during the decedent's lifetime, but is five times greater than that.

In *Banker's Trust Co.* v. *Blodgett,* 96 Conn. 361, 114 Atl. 104, 106, 107, a statute (G. S. 1918, § 1190) providing that ''all taxable property of any estate upon which no town or city tax has been assessed as provided in section 1189 or upon which no tax has been paid to the state during the year preceding the death of the decedent shall be liable to a tax of two per centum per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent,'' with certain exceptions not material here, was construed and upheld. The court said that the pecuniary liability imposed by the act was a penalty in the nature of a tax for an omission to list property for taxation, the amount of which was within the legislative discretion, and that it was not an excessive fine in violation of article 1, section 13 of the Connecticut Constitution. While it was held to be the obvious legislative purpose to compel estates to pay to the state a sum approximately equal to the taxes which the property of the estate had escaped paying while in the hands of the decedent it was recognized that the tax might, or might not, represent what the decedent would have been required to pay as a state or local tax. On writ of error

to the United States Supreme Court, the judgment was affirmed. *Banker's Trust Co.* v. *Blodgett,* 260 U. S. 647, 67 L. ed. 436, 43 Sup. Ct. 233, 235. See, also, *Lockwood* v. *Blodgett,* 106 Conn. 525, 138 Atl. 520, 522; *State* v. *Page, Admr.,* 100 W. Va. 166, 130 S. E. 426, 44 A. L. R. 501, 505.

Our statute is, in its essentials, so like the Connecticut act, that the same construction applies to it. That the latter covers all property of the estate, unassessed, or with taxes unpaid, while ours has reference only to intangibles, is not material in this connection. There was no error in overruling the demurrer upon the grounds above specified.

By the seventh, eighth, ninth, tenth, and eleventh grounds of demurrer the defendants attack the constitutionality of the statute, claiming that it is violative of Chapter 1, Article 9 of the Vermont Constitution relating to proportional contribution for the expense of government; of.Chapter 1, Article 1 of the Vermont Constitution, in that it deprives the estate of equal rights and equal protection as to its property; and of Section 1, Fourteenth Amendment of the United States Constitution, in that it denies to the estate the equal protection of the law and seeks to take its property without due process of law.

By Section 1, No. 21, Acts of 1925, intangible property of certain classes is subjected to an annual tax of forty cents on the dollar of the grand list, payable to the town; by section 2, intangible property of certain other classes is subjected to a like tax of two dollars on the dollar of the grand list. By the amendment, Section 1, No. 14, Acts of 1927, property of either class, belonging to a living taxpayer, which the listers find to have been wilfully omitted by him from his tax inventory, is made subject to the general property tax. By that portion of the last preceding section here in issue, such property above described, which may be found, after the death of the taxpayer, to have been omitted from the grand list, and upon which the assessed taxes have not been paid, must respond at the rate of two per cent. per annum on its value for the period therein mentioned.

The argument of the defendants is that there is a discrimination between living taxpayers and the estates of those deceased, in the system of taxing omitted property and in its appraisal by the listers where the taxpayer is alive, and by the commissioners where he is not; in the tax rate, which, in the

former case is what the town votes, and in the latter an arbitrary exaction of two per cent. upon the value; and in the fact that in the case of a living taxpayer, the omission must have been wilful, while, as regards an estate, the mere omission, whether in good faith or otherwise, is all that is required. In a word, it is claimed that there is here an arbitrary classification, based upon no substantial reason.

■ The extent to which the legislative discretion may go in the classification of property for purposes of taxation without infringing the provisions of our State and the Federal Constitution has been recently treated in *Village of Hardwick* v. *Town of Wolcott*, 98 Vt. 343, 349, 129 Atl. 159, 39 A. L. R. 1222; *State* v. *Caplin*, 100 Vt. 140, 152, 135 Atl. 705; and *Clark* v. *Burlington*, 101 Vt. 391, 405 *et seq.*, 143 Atl. 677. It is not necessary to repeat what has been said upon the subject in these opinions. The rule is that, while the state is not at liberty to resort to a classification that is palpably arbitrary, any taxonomy is valid, provided it rests upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. *Ohio Oil Co.* v. *Conway*, 281 U. S. 146, 160, 74 L. ed. 775, 50 Sup. Ct. 310, 314; *Stebbins* v. *Riley*, 268 U. S. 137, 142, 69 L. ed. 884, 45 Sup. Ct. 424, 426, 44 A. L. R. 1454; *In re Howell's Estate*, 255 N. Y. 211, 174 N. E. 457, 459.

■ Tested by this rule, no violation of either Constitution, in respect to the matters claimed, appears by the statute. All estates of deceased persons, similarly circumstanced, are treated alike in the collection and the amount of the tax. Their classification apart from living taxpayers is not palpably arbitrary or unreasonable, but bears a just relation to the obvious purpose of the Legislature to make certain that sooner or later all property of the nature here involved shall make a proper contribution to the public revenues. Nor is this conclusion affected by the circumstance that the listers must find a wilful omission on the part of the taxpayer in order to subject his intangible property to the general property rate of taxation, while the commissioners on his estate, in order to subject his hitherto unassessed intangibles, or those upon which no tax has been paid, to the two per cent. rate, need not.

So, also, there is no merit in the contention that, whether regarded as a tax or a penalty, the claim cannot be enforced

against the estate of a deceased person by way of presenting it to the commissioners, because it is not a claim for a debt or obligation accruing during the lifetime of the decedent, but for one accruing after her death, and because, viewed as a penalty, it cannot be imposed upon her estate. A similar argument was thus dealt with in *Banker's Trust Co.* v. *Blodgett*, 260 U, S. 647, 43 Sup. Ct. 235, 67 L. ed. 439: "There was an evasion of duty by decedent, and the obligation she incurred and should have discharged, was imposed upon her estate, and legally imposed, for out of her estate it can only be discharged. The payment of taxes is an obvious and insistent duty, and its sanction is usually punitive." The statute expressly confers jurisdiction upon the commissioners to pass upon such claims, and, in doing so, it is not perceived that any constitutional safeguard has been violated. A full opportunity to be heard upon the ownership of the property, its omission from assessment, and the non-payment of taxes thereon and its value, as well as an avenue of appeal from the finding of the commissioners, is provided therein. There is an opportunity to resist any unlawful demand. Due process of law has not been denied. *Clement National Bank* v. *State of Vermont*, 231 U. S. 120, 143, 58 L. ed. 147, 158, 34 Sup. Ct. 31; *Clark* v. *Burlington, supra,* 101 Vt. at page 410, 143 Atl. 677.

■ Another objection to the statute mentioned by the defendants is that it discriminates between estates of decedents who had owned real estate and tangible personal property, and those who had owned intangibles. But there is no merit in this contention, because intangible property may properly be classified by itself for purposes of taxation. *Clark* v. *Burlington, supra.*

■ It is further suggested that the act, in requiring the commissioners to find the value of the omitted property, does not specify how that value shall be determined, and that it does not provide the machinery for an abatement of the tax. Neither of these suggestions are supported by argument, or citation of authority, and so we regard them as insufficiently briefed, and give them no attention. *Manchester Marble Co.* v. *Rutland R. R. Co.,* 100 Vt. 232, 242, 136 Atl. 394, 51 A. L. R. 628.

The thirteenth ground of demurrer is that the amended complaint does not show that the decedent during her lifetime

wilfully omitted to list her intangible property for taxation for the years 1927 and 1928.

It is not claimed that wilfulness has any importance in connection with the failure ·to list the property for the year 1926, because the statute in its then form (section 13, No. 21, Acts of 1925) did not contain the clause empowering the listers to assess the wilfully omitted property of a living taxpayer at the general property tax rate, which appears in the amendatory act of 1927. But it is argued that since this latter provision came in force, the word "wilful" must, in order to avoid an unjust discrimination, and to make the whole statute harmonious, be read into the language of that part which deals with the taxation of intangibles belonging to an estate, which have been omitted from assessment and taxation during the decedent's lifetime.

We have already held that this difference does not produce an arbitrary and unreasonable classification of estates of deceased taxpayers. No reason appears for supposing that the Legislature intended that the omission in the latter case must be wilful. The demurrer was properly overruled upon this ground.

By the fourteenth ground of demurrer, the defendants attack the right to recover the amount due for 1926, claiming that section 13, No. 21, Acts of 1925, under the provisions of which the taxes for that year were recoverable, was superseded and repealed by section 1, No. 14, Acts of 1927, which only covers the years 1927 and 1928. To determine this question it is necessary to consider the effect of the amendment of the former statute by the latter.

So much of the body of the latter act as is material to this controversy has been recited in the first part of this opinion. It commences with the phrase "Section 13 of No. 21 of the Acts of 1925 is hereby amended to read as follows." A new paragraph, concerning the wilful omission by a living taxpayer to list intangible property has been added, but in the balance of the statute the changes are that, whereas in the act of 1925 it is provided that the selectmen in the given circumstances, *may* present a claim for the taxes to the commissioners of the decedent's estate, by the act of 1927, they *shall* do so; and whereas in the former act the period for which the claim shall be allowed is three years next prior to the death of the decedent, in the

latter the period is fixed at five years next prior to that time. Both acts contain this language, "provided such period (of three or five years, respectively) shall not be treated as covering any time prior to the date when this act takes effect."

The argument of the defendants is that the year 1926 was before the Act of 1927 took effect, and that therefore, since that act repealed the act of 1925 without a saving clause, taxes for that year are not recoverable.

There are no express words of repeal, and repeals by implication are not favored. *United States* v. *United States Fidelity and Guaranty Co.*, 80 Vt. 84, 96, 66 Atl. 809; *State* v. *Martin*, 68 Vt. 93, 94, 34 Atl. 40; *In re Railroad Commissioners*, 79 Vt. 266, 269, 65 Atl. 82; *Hogaboon* v. *Town of Highgate*, 55 Vt. 412, 414. But such a repeal may result when the two acts are so far repugnant that they cannot stand together, or when, though not repugnant, the later act covers the whole subject of the former and shows that it was intended as a substitute for it. *In re Turner*, 92 Vt. 210, 215, 102 Atl. 943, and cases cited. If there are two statutes upon the same subject which are repugnant, the later operates as a repeal of the first so far as the repugnancy exists, but no further. *Hogaboon* v. *Town of Highgate, supra*. And where the question is whether the later is a substitute for the first, the intent of the Legislature is a material element for consideration. *Central Vermont Ry. Co.* v. *State et al.*, 82 Vt. 145, 149, 72 Atl. 324; *State* v. *Woodbury*, 67 Vt. 602, 604, 32 Atl. 495. And in the endeavor to discover this intent, it must be remembered that the letter of the law is not in all cases a correct guide to the true sense of the lawgiver, but that we must look to the whole and every part of the act, to the subject-matter, the effects and consequences, the reason and spirit of the law, and thus ascertain the true meaning of the Legislature, although the meaning ascertained conflicts with the literal sense of the words. *Osgood* v. *Central Vermont Ry. Co.*, 77 Vt. 334, 340, 60 Atl. 137, 70 L. R. A. 930.

Where, as here, the later act commences with the statement that the former one "is amended to read as follows," there is, of course, no retroactive effect for the new provisions, but that portion of the amended statute which is merely copied without change is not to be considered as repealed and again enacted, but to have been continuously the law since the time of its original enactment. *Kelsey* v. *Kendall*, 48 Vt. 24, 26;

*People* v. *Board of Supervisors of Montgomery County,* 67 N. Y. 109, 118, 23 A. R. 94; *Ely* v. *Holton,* 15 N. Y. 595, 599; *Mortimer* v. *Chambers,* 63 Hun, 335, 338, 339, 17 N. Y. S. 874; *United Hebrew Ass'n* v. *Benshimol,* 130 Mass. 325, 327; *Spokane, etc., Trust Co.* v. *Hart,* 127 Wash. 541, 221 Pac. 615, 619; 2 Lewis' Sutherland on Satutory Construction (2d ed.) para. 237; 25 R. C. L. 907, para. 159, and cases cited.

As we have seen, the provision that ''such period shall not be treated as covering any time prior to the date when this act takes effect'' is copied from the original act of 1925 into the amendatory act of 1927. No change of purpose or difference of intent on the part of the Legislature is indicated. The fact that the period of three years in the original act is changed to one of five years in the amendatory act, enacted two years later, is significant of an intent on the part of the Legislature to keep in force and preserve the enforcement of such liabilities as may have existed, under the former, so that the entire period as first limited might be covered. We construe the phrase ''prior to the date when this act takes effect'' to refer to the enactment of the statute of 1925, and the repetition of it in that of 1927 to be a continuance of the original provision, and not a re-enactment or substitution of a new one in its place.

Thus construed, the ruling of the trial court upon this ground of demurrer was without error. It is not necessary, in the view we have taken of the case, to consider whether the provisions of G. L. 37 are applicable to the situation.

■ ■ The fifteenth ground of demurrer is that the amended complaint is insufficient, in that it does not allege sufficient facts to show that a legal grand list existed in the town of Hartland for the years 1926, 1927, and 1928 upon which a legal tax could have been assessed against the decedent during her lifetime.

The liability imposed by the statute is for the omission to list the property for taxation. *Banker's Trust Co.* v. *Blodgett, supra; State* v. *Page, Admr., supra,* 100 W. Va. 166, 130 S. E. 426, 44 A. L. R. page 505. The gravamen of the charge as alleged in the amended complaint is that the decedent did not, upon the first day of April in any of the years here material, or at any time 'thereafter, make and file with the listers of the town of Hartland any tax inventory stating her ownership of any of the described personal estate. That none of this estate

was set in the grand list, or was assessed, or that no taxes have been paid thereon, is also alleged, but this does not make the legality of the grand list material, because these facts are merely conditions precedent to the right of the town to recover. If the grand list were invalid, but contained a list of this property, this proceeding could not succeed; not because of the invalidity of the grand list, but because the property appeared therein. The duty to file an inventory containing a list of all taxable personal estate exists whether the grand list, later made up from such inventory, is valid or not. The demurrer was properly overruled upon this ground.

The fourth, fifth, sixth, and sixteenth grounds of demurrer are waived by the defendants.

The demurrer was sustained on the third ground, and this point is before us upon the plaintiff's exceptions. Among the items of property upon which the tax is sought to be recovered are several annuity contracts. The allegations in the complaint which describe one of them may be taken as an example of all. It is as follows. ''Money due or to become due on a written contract to wit: An annuity contract issued by the American Bible Society in the face amount of five thousand dollars for the payment of two hundred dollars on each 13th day of March and each 13th day of September during the natural life of Alma C. Otis Damon,'' and the value for each year is also alleged. The question is whether annuity contracts of this description are included in the list of intangibles taxable under section 1 of No. 21, Acts 1925.

Subdivision VI of that section is as follows: ''Money due or to become due on book accounts or oral or written contracts other than promissory notes, except such accounts and contracts as bear non-interest or dividends, which accounts and contracts shall be exempt from taxation.'' Judging by the language of the complaint, this appears to be the subdivision which the annuity contracts were considered by the pleader to be included.

A law for the assessment and collection of taxes is to be construed with the utmost liberality. *Clark* v. *Burlington, supra,* 101 Vt. at page 397, 143 Atl. 677. But in order to be subjected to a tax, the property must be such as is ordinarily included in the description given in the statute, and not such as can be brought within it by a process of reasoning only, or by a strained construction, because the Legislature must be

presumed to be able fairly to describe such property as it desires to tax without resorting to a strained construction or a course of fine reasoning. *Chisholm* v. *Shields,* 67 Ohio St. 374, 66 N. E. 93, 94.

 "An annuity is a stated sum per annum, payable annually unless otherwise directed. It is not income or profits, nor indeterminate in amount, varying according to the income or profits, though a certain fund may be provided out of which it is payable." *Booth* v. *Ammerman,* 4 Bradf. Sur. (N. Y.) 129, 133; *Bartlett* v. *Slater,* 53 Conn. 102, 22 Atl. 678, 679, 55 A. R. 73; *Steelman* v. *Wheaton,* 72 N. J. Eq. 626, 66 Atl. 195, 196. An annuity contract is an obligation to pay the annuitant a certain sum of money at stated times during life or a specified number of years in consideration of a gross sum paid for such obligation. *Chisholm* v. *Shields, supra.* "Interest is the compensation which is paid by the borrower of money to the lender for its use, and generally, by a debtor to his creditors in recompense for his detention of the debt." 2 Bouvier Law Dict. (Rawle's 3rd revision) 1642, tit. "Interest." A dividend is "a portion of the principal or profits divided among several owners of a thing." 1 Bouvier Law Dict. 898, tit. "Dividend." The payment of an annuity is distinct from the payment of interest or profits. *In re Kohler's Will,* 193 App. Div. 8, 183 N. Y. S. 550, 559 (reversed upon another point 231 N. Y. 353, 132 N. E. 114); *In re Smather's Estate,* 133 Misc. Rep. 812, 234 N. Y. S. 99, 103-105; *Booth* v. *Ammerman, supra; In re McComb's Estate,* 4 Bradf. Sur. (N. Y.) 151, 152; *Carr* v. *Bennett,* 3 Dem. Sur. (N. Y.) 433, 442; *Pearson* v. *Chace,* 10 R. I. 455, 456; *Grand Rapids Trust Co.* v. *Herbst,* 220 Mich. 321, 190 N. W. 250, 252; *Moore* v. *Downey,* 83 N. J. Eq. 428, 91 Atl. 116, 117. So it seems clear that the annuity contracts alleged in the complaint are such as, in the words of the statute, "bear non-interest or dividends." They are therefore expressly exempted from taxation.

 It is argued, that the annuity contracts are taxable under subdivision II of the statute (Acts 1925, No. 21, § 1) as "Money in the hands of another, other than deposits in banking institutions"; or under subdivision V as "evidence of indebtedness of whatever name or nature not otherwise included in this Section"; or under subdivision IX as "All other moneyed securities of whatever name or nature." But how can this be,

when they fall into the class of contracts, which are expressly stated to be exempt? Aside from this, since the gross sum paid as consideration became the property of the obligor, it was not "money in the hands of another" under subdivision II. Subdivisions V and IX clearly do not apply to the items named in subdivision VI since the former applies only to such evidences of indebtedness as are not otherwise included in section 1 of No. 21 of Acts of 1925; and the latter refers to "all other moneyed securities," thereby expressly excluding those items which have been elsewhere mentioned.

The ruling of the trial court in sustaining the demurrer upon the third ground, and adjudging the complaint insufficient so far as the annuity contracts were concerned, was without error.

The defendants' brief contains a motion to dismiss upon the ground of lack of jurisdiction over the claim on the part of the commissioner. What we have already said upon this subject disposes of the motion.

The defendants have asked that, if the judgment of the trial court should be affirmed, the cause may be remanded so that they may answer over. The entry, therefore, is, *Motion to dismiss denied. Judgment affirmed, and cause remanded, with leave to defendants to apply.*