COMMONWEALTH *vs.* JOANNA ROWE.
SAME *vs.* SAME.

On the trial together of two complaints for the larceny of cloth from two shops which the defendant entered successively, the Commonwealth relied on the defendant's possession of the cloth for proof that she stole it; and her evidence tended to show that she came into possession of the cloth taken from the first shop, by taking the shawl of another woman to hold for her, in the second shop, without knowing that the cloth was wrapped in it, out of which shawl the cloth dropped upon the floor of the shop, and she picked it up, carried it to the counter, and spoke to a clerk there about it.   *Held*, that it was competent for her to prove her conversation with the clerk, in which she told him how she came into possession of the cloth; and a gesture by which she tried to point out the other woman to him.

TWO COMPLAINTS for larceny.   At the trial in the superior court in Suffolk, before *Scudder*, J., on appeal from the municipal

court of Boston, the defendant was found guilty, and alleged exceptions, which are stated in the opinion.

*C. G. Saunders,* for the defendant.

*J. C. Davis,* Assistant Attorney General, (*C. Allen,* Attorney General, with him,) for the Commonwealth.

GRAY, J.   The defendant was charged in separate complaints with larceny of certain napkins from the shop of Sanford & Churchill, and of other dry goods from the shop of Jordan, Marsh & Company.   The Commonwealth relied on the defendant's possession, at the time of her arrest, of the goods stolen, as proof that she stole them.

The evidence introduced by the defendant, without objection, tended to show that she went with another woman into the two shops successively; that in the second shop the other woman requested the defendant to hold her shawl, and she took it without knowing that it contained anything, and that while she was holding it the napkins dropped out, and the defendant picked them up and carried them to the counter, and spoke to one of the clerks about them.

The defendant then offered to prove her conversation with the clerk at that time, namely, that " she asked if the napkins were his ; and upon his answer in the negative, she asked if he had any like them, to which he answered he had not, and then asked her where she bought them ; that she told him she had not bought them, that she did not know she had them until they fell upon the floor, that a woman who came in with her asked her to hold her shawl ; " and that she turned round to point out the woman who gave her the shawl, and found she had left the shop, although she was present when the defendant first spoke to the clerk.

The evidence thus offered was excluded by the learned judge who presided at the trial in the superior court.   But we are all of opinion that it should have been admitted.   The conversation with the clerk, and the accompanying gesture to point out the other woman, which took place, as the other evidence introduced by the defendant tended to show, immediately upon the defendant's first becoming aware that any of the stolen goods were in

her possession, went to explain and qualify that possession, and to disprove the inference of guilt which the jury might otherwise draw from it. *Regina* v. *Crowhurst*, 1 C. & K. 370. *Regina* v. *Smith*, 2 C. & K. 207. *O'Kelly* v. *O'Kelly*, 8 Met. 436, 440. *Lund* v. *Tyngsborough*, 9 Cush. 42, 43.

*Exceptions sustained.*