## STATE *v.* MORRIS FITZGERALD.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed March 3, 1900.

*Evidence—Objection too late*—If a question calls for inadmissible evidence, and the answer is responsive to the question, an objection, made after the answer is given, is too late, and is unavailing.

*Evidence—Unanswered question*—It is immaterial whether a question is proper or improper, if it is not answered. .

*Evidence—Burglary—Identification of property*—A witness in a burglary case having testified that before the burglary he had compared the numbers on certain watches, claimed to have been burglariously taken, with the numbers in an invoice of the same, and found them to be correctly given in the invoice, such invoice was admissible in evidence in connection with the oral testimony referring to it, upon the question of the identity of the watches claimed to have been so taken with certain watches traced into the possession of the respondent and bearing the same numbers.

*Evidence—Copies of lost writings*—Invoices, admissible in evidence, having been found by the court to be lost, copies thereof were properly received.

*Burglary—Circumstantial evidence with evidence of the corpus delicti—Evidence sufficient for submission to the jury*—Evidence tending to show that certain watches claimed to have been burglariously taken were kept in a hiding-place, and that the respondent knew of their hiding-place, that shortly after the burglary he had some of the watches in his possession, and that he disposed of a part thereof at a price not more than half their market value, in connection with evidence tending to establish the *corpus delicti,* made a case proper to be submitted to the jury, and a motion to have a verdict directed in the respondent's favor was properly overruled.                    .

*Evidence—Possession of stolen property to be considered with other relevant facts*—The recent unexplained possession of stolen property, when that fact is shown, and all the attending circumstances and other relevant facts in evidence, must be considered together by the jury in determining the guilt or innocence of a respondent charged with the felonious taking of the stolen property ; and a charge which permits them to

determine the question upon the evidence of such possession, considered apart from the evidence of such circumstances and facts, is erroneous.

*Evidence of good character*—Evidence of good character tends to rebut the presumption of guilt consequent upon the recent possession of stolen goods.

*Evidence—Circumstances attending possession of stolen property*—The manner in which one keeps, uses and exhibits stolen property in his possession, has a bearing upon the effect to be given to its possession.

*Inconsistent instructions*—Error in one part of a charge is not cured by a proper instruction on the same subject in a later part of the charge, when the later instruction is not given to supersede or correct the former, and the jury are, in effect, left to follow either.

*Evidence—Connected facts*—Evidence of the recent possession by a respondent of a part of the property stolen at a certain time and place tends to connect him with the theft of other property stolen at the same time and place.

INDICTMENT for burglary including larceny. Bennington County, June Term, 1899, *Munson*, J., presiding. Trial by jury. Verdict, guilty. Judgment on verdict. The respondent excepted.

The case is stated in the opinion.

*Edward L. Bates*, State's Attorney, for the State.

*W. B. Sheldon* for the respondent.

WATSON, J. The respondent was indicted and tried for burglarizing the store of Frank Huling, and for the larceny of seventeen watches therein being, of the property of Huling. Huling was a witness in behalf of the State, and testified in substance, that some of these watches were old ones for which he had traded, and some of them were new ones purchased by him of Bogle Brothers of White River Junction, and that when he purchased them, he received from Bogle Brothers, bills with the numbers of the watches purchased thereon, which he afterwards compared with the numbers on the watches and found to be correct; that after the burglary, he copied the numbers of the watches from some of these bills and gave a copy to the

officer to aid him in looking after the stolen property and in identifying the same. The copied list was in court, and Huling was asked by the State whether the numbers upon that paper or list were the same that he found upon the bills which he had with the watches, to which he answered, "Yes, Sir, all but one. There is one there that I am mistaken in." The respondent made no objection until after the answer was given, and the question and answer were allowed to stand subject to exception. The answer was responsive to the question; and the objection and the exception were too late, and are unavailing. *State* v. *Ward*, 61 Vt. 153.

John Nash, the officer to whom the copied list was furnished by Huling, was improved by the State as a witness, and after testifying to the description and numbers of the watches found by him, was asked how the description and the numbers he had given compared with the list furnished him by Huling before he recovered possession of the watches. To the ruling that this might be shown, respondent excepted. But it does not appear by the record that the question was answered, and therefore whether it was proper or otherwise, is immaterial, as the respondent was not prejudiced thereby. *Smith* v. *The Niagara Fire Ins. Co.*, 60 Vt. 682.

M. C. Holt, an employee of Huling, who had charge of the store for a long time before and at the time it was burglarized, was a witness in behalf of the State, and produced a bill of two of the watches in question from Bogle Brothers to Huling. This bill contained the numbers of those two watches and was properly admitted in evidence in connection with the testimony of the witness, upon the question of identification of the watches traced into the respondent's possession shortly after the burglary, as property stolen from Huling's store at that time.

The bills of some of the other new watches were found, by the court, to be lost, and the copies thereof, testified to by Huling and used by the officer, were properly admitted as secondary evidence in connection with the testimony of the witness upon

the same question. The evidence tended to show that these watches were kept in a show case in the store, and each night, were taken therefrom and put into a box under the counter to remain till morning as a hiding place, in case any one should break and enter the store in the night-time with intent to steal, and that the respondent had been in the employ of Huling, slept over the store, and had seen the watches thus hid away on different occasions, by reason whereof he had knowledge of where they were on the night in question ; and that shortly after the burglary, he had in his possession some of the stolen property, and disposed of a part thereof at an unreasonably low price—not more than half its market value. This evidence with the evidence introduced tending to establish the *corpus delicti*, made a case proper to be submitted to the jury, and in overruling the respondent's motion for a verdict, there was no error. Wills' Cir. Ev. 162, 163.

In the fore part of the charge, the court instructed the jury at different times, in substance, that the whole evidence, which connected the respondent with the breaking and entering, rested upon the fact of certain personal property that was alleged to have been in the store, being found in his possession. Later in the charge the court said : "As I have before stated, the whole matter here stands upon the possession of this property ; the unexplained possession of the stolen property within a short time after the theft, is evidence sufficient to convict a person of the crime by which that property came into his possession, if it produces upon your mind such an effect as enables you to feel sure, beyond a reasonable doubt, that the respondent is guilty of the offense charged." To this the respondent excepted.

The evidence tended to show that shortly after the burglary the respondent openly, in the hotel at North Hoosick, N. Y., sold two of the nickel watches in question to the proprietor of the house, and that, at the same time, the respondent had and exhibited a gold watch of the same lot, and that he subsequently remained about there—just across the street from the hotel—openly

for some time and without apparently trying to hide himself; that he gave one of the watches to the witness Hathaway for carrying him—respondent—from Hoosick Junction to Eagle Bridge, and that, at the same time, the respondent exhibited two or three watches; that the watch given to the witness for that purpose was an old one of little value. So far as the evidence discloses, this transaction was open with no apparent purpose of secreting or hiding anything. There was also evidence in the case, of more or less force, tending to show the respondent's previous good character. These were circumstances weighing in the respondent's favor. Mr. Bishop says: "The manner in which the defendant used the thing—as whether openly or not—is material to the effect of the possession." 2 Bish. Cr. Proc. sec. 746; *Wafford* v. *State*, 44 Tex. 439; *Minor* v. *State*, 56 Ga. 630.

As to the force of good character, Mr. Wills says: "Good character has a very important bearing in rebutting the presumption of guilt consequent on possession. And, in some cases, may be sufficient to entirely overcome the presumption." Wills' Cir. Ev. 87.

It was the duty of the court to submit the case to the jury in a manner to require a consideration of not only the fact of the respondent's recent possession of a part of the stolen property, if that fact was established, but also a consideration of all the circumstances for and against him, and on the whole, say whether they were satisfied of his guilt beyond a reasonable doubt. Mr. Bishop further says: "All the attending circumstances should be shown in connection with the fact of possession. And all should be taken into the account by the jury." 2 Bish. Cr. Proc. sec. 745.

Mr. Wills further says: "It is always a question for the jury, applying to the solution of the problem the common experiences and observations of life, whether they are satisfied, from all attending circumstances and other facts in evidence, that the possession was honest or felonious." Wills' Cir. Ev. 82.

Under this instruction of the court, the jury were at liberty to consider and determine the question of guilt upon the recent

unexplained possession of a part of the stolen property, alone, and to convict the respondent if they were thereby satisfied of his guilt beyond a reasonable doubt. A conviction founded upon such a basis wholly deprived the respondent of the benefit of the attending circumstances in his favor, and also, of the evidence of good character. This part of the charge was too narrow and was error. *Brooks* v. *Thatcher*, 49 Vt. 492.

Nor was this error rectified by giving the proper instruction upon the same subject in a later paragraph of the charge. The latter was not given to correct or supersede the former instruction, and was inconsistent therewith. The jury were left to adopt either, and it cannot be said that no harm resulted to the respondent therefrom. *Bovee* v. *Danville*, 53 Vt. 183.

The evidence tended to show that some of the watches produced on the trial, were found in the hands of one Delaney, in the State of New York, and that they were a part of the watches stolen at the time of the alleged burglary. Delaney was not produced as a witness, and there was no direct evidence as to how he came in possession of the watches, nor connecting the respondent therewith. Relative thereto, the court charged the jury, in substance, that there being evidence tending to show a certain number of watches were taken on the same night, and that a portion of them were in the recent possession of the respondent, there was evidence tending to connect him with the other watches lost or taken at the same time. To this respondent excepted. We think those facts and circumstances had the evidentiary force given them by the court, and the charge in that regard was without error. *Commonwealth* v. *McGarty*, 114 Mass. 299.

*Exceptions sustained, judgment reversed, verdict set aside, and cause remanded.*