## State *v.* John Powers.

January Term, 1900.

Present : Taft, C. J., Rowell, Start, Thompson and Watson, JJ.

Opinion filed March 3, 1900.

*Reception of evidence—Objection after answer*—When a question is answered before an objection is made, and there is nothing in the record to show that the answer was given before an objection could be interposed, an objection made and an exception taken after the answer has been given, must be taken to have been too late.

*Evidence—Question construed in accordance with its substantial import*—The writer of a certain book entry was shown the same and was asked, " Won't you state whether or not that bears evidence of an erasure or change?" The inquiry was, in effect, whether the entry appeared as it did when it was made by the witness, and was proper.

*Documentary evidence—Book entries made in the regular course of business— Entries bearing upon the reliability of the book*—In support of an alibi the respondent put in evidence certain entries from a livery book under the claim that the book was kept in the regular course of the livery business of one S. It was then proper for the State to put in evidence other entries in the same book tending to show the real character of the book as a record of the business transacted.

*Documentary evidence—Impeachment of book by inspection—Objections made below alone considered*—A book entry was put in evidence by the respondent to show a date material to his defense of an alibi. The State offered the whole page on which this entry was, under the claim that an inspection of the page tended to show that the entry in question had been interlined after the amounts carried out against the other entries had been footed up, and that the footing had thereafter been changed. The respondent objected solely on the ground that the person who made the entry had been improved as a witness and had not been interrogated as to the apparent interlineation and change of footing. This objection was properly overruled.

*Cross-examination of witness —Questions to test accuracy*—A witness having given testimony tending to show that the respondent was in New Hampshire at the time of a burglary with which he was charged, it was proper on cross-examination to elicit the fact that the first thing that called the attention of the witness to the respondent's whereabouts at the time of the burglary, was a letter from the respondent received about two months thereafter.

*Cross-examination—Relations of witness and party*—It is proper on cross-examination to show the acquaintance and relations of a witness with the party calling him.

*Cross-examination—Showing the business of a witness*—It is proper on cross-examination to show by a witness what his business is.

*Evidence—Identification—Opinion evidence*—When a witness positively identifies a person, it is not error to refuse to instruct the jury that such identification is a mere matter of opinion. Identification, or recognition, may be as much actual knowledge as the knowledge of any other fact arrived at through the senses.

*Charge—Cautionary instructions*—It is not error to refuse to instruct the jury that testimony as to identity should be subjected to the closest scrutiny. In respect to cautionary instructions the court adheres to what is decided in *Noyes, French & Fickett* v. *Parker*, 64 Vt. 384.

*Criminal law—Definition of an alibi*—An alibi is established by showing that the person charged with a crime was at some place other than that where the crime was committed, at such a time that he could not have been at the place of the crime at the time of its commission. If the accused might have been at the place claimed at the time shown, and yet have been at the place of the crime at the time of its commission, there is no alibi.

*Alibi—Submission to the jury in connection with the main question*—When the question of an alibi is submitted to the jury in connection with the main question of guilt or innocence there is no occasion to charge as to the measure and burden of proof applicable to an alibi considered separately.

*Criminal law—Alibi—Measure of proof—Reasonable doubt*—When in a criminal case there is evidence in support of an alibi, an instruction that the State must establish the guilt of the respondent beyond a reasonable doubt to entitle it to conviction, and that if the evidence in support of the alibi, in connection with the other evidence in the case, raises in the minds of the jury a reasonable doubt as to the guilt of the respondent he is entitled to an acquittal, is a correct statement of the law.

INFORMATION for burglary. Trial by jury, Franklin County,. March Term, 1899, *Munson*, J., presiding. Verdict, guilty. Judgment on verdict. The respondent excepted.

The information charged the respondent with the burglary of a bank in Richford. It appeared that the bank was burglariously entered between the hours of two and three in the morning. of Sunday, November 6, 1898.

The State improved two witnesses, W. F. Grennan and J. Taylor who testified that at the time of the burglary they were intercepted in front of the bank, taken inside and tied to chairs and guarded for about an hour by a party of whom the respondent was one.

The testimony introduced by the respondent tended to show he was not in Richford on the 5th or 6th of November, 1898, but that at the time of the burglary he was at West Lebanon, New Hampshire.

The witnesses, Bennett and Watson, referred to in the opinion, were among those called by the respondent in support of his defense of an alibi. The former, a livery stable keeper, was unable to fix a date material to his testimony and to the defense otherwise than by reference to an entry on page " A " of his stable book, and this entry was put in evidence in connection with his testimony.

The witness, Watson, was cross-examined as to the length of his acquaintance with the respondent and as to their business relations. He was also cross-examined as to what his own business had been at various times and places.

*G. W. Steele*, State's Attorney, and *Alfred A. Hall* for the State.

*Farrington & Post* and *F. W. McGettrick* for the respondent.

THOMPSON, J. I. The respondent was charged with the crime of burglary committed November 6, 1898. No question was made by him, but that the burglary was committed at the time and place claimed by the State. He denied having participated in it and his defense was an alibi. In support of this defense, he relied upon certain entries made in a book claimed to have been kept in connection with the livery business of D. H. Sargent at West Lebanon, N. H. These entries in connection with the testimony of one Frank Keith, a witness produced by the respondent, who claimed to have made the entries, tended to prove that the respondent was at West Lebanon at such time of

day, November 5 and 6, 1898, that he could not have been at Richford, Vt., the place where the burglary was committed, at the time it occurred.   Independently of these entries, the witness, Keith, and several other witnesses improved by the respondent in support of the alibi, could not testify that the respondent was at West Lebanon, November 5 and 6, 1898.   Keith in his examination in chief, testified that the entries were made by him and were in his hand-writing, and were made at the time they purport to have been made.   On cross-examination he was asked the following question in regard to one of the entries : Ques. " Won't you state whether or not that bears evidence of an erasure or change ?"   Ans. " Well it looks like it."   No objection was made nor exception taken to this question until after it had been answered.   There is nothing in the record to show that the question was answered before an objection could have been interposed, and this court cannot presume such to have been the fact. Hence, the exception cannot now avail the respondent.   *State* v. *Ward*, 61 Vt. 185.   However the question was proper, as it was in effect an inquiry as to whether the entry then appeared as it did when it was made by him.   These entries were put in evidence by the respondent.   It was contended on the part of the respondent that this livery book was kept in the regular course of the livery business of Sargent, and it was not error to admit in evidence the entire page of the book on which the entries were made and the other parts of the book which were admitted.   It was competent to show in this way so far as disclosed by the book itself, how in fact it was kept as a book of entries showing the business transacted by this livery stable as it occurred from day to day.

Page " A" of Bennett's livery stable book was also properly admitted to show how the entry on that page, on which the respondent relied for fixing a date material to his alibi, was entered thereon.   The respondent had put in evidence the entry showing such date.   An inspection of the entire page tended to show that such entry had been interlined at the bottom of page " A"

after the amounts previously entered thereon had been footed up and the amount of the footing entered at the bottom of the page, and that such amount had been changed so as to include the amount named in the entry on which the respondent relied. The State was not precluded from thus showing how the entry was made as appeared by the book, because the person who made it, when improved as a witness, was not interrogated as to the apparent interlineation or change in the footing. The objection by the respondent to the admission of page "A" was limited to the ground that such inquiry had not been made.

II.   D. H. Sargent was improved as a witness by the respondent, and his evidence tended to prove that the respondent was in New Hampshire when the burglary was committed. On his cross-examination it was competent for the State to elicit from him the facts that respondent left said Sargent's hotel at West Lebanon Dec. 22, 1898, and that about two weeks later, respondent wrote him that he was in trouble and desired the witness and one Watson to ascertain where the respondent was Nov. 5 and 6, 1898 as shown by Sargent's books, and that the receipt of this letter was the first thing that called his attention to the respondent's whereabouts on these days. Respondent's counsel in their brief suggest no reason why this evidence was not admissible. It clearly bore on the accuracy of Sargent's memory as to the respondent's whereabouts on these dates.

III.   It was also competent on cross-examination of respondent's witness, Watson, to show his acquaintance and relations with the respondent, as bearing upon his interest or lack of interest in his behalf. Such interest bore upon the weight which should be given to his testimony in behalf of the respondent. It was also proper to show by the witness what his business was. It was clearly within the discretion of the trial court to permit this line of inquiry. *State* v. *Fournier*, 68 Vt. 270; *State* v. *Slack*, 69 Vt. 493.

IV.   It was not error for the trial court to refuse to instruct the jury that the testimony of the witnesses, Taylor and

Grennan, who positively identified the respondent as one of the burglars who participated in the burglary, was but a mere matter of opinion. When a party identifies or recognizes another, it is not a mere matter of opinion, but is as much actual knowledge as any other fact known through the senses by which things are perceived. It cannot be said either as a matter of law or fact, that when a person meets a relative, friend or acquaintance, he cannot *know as a fact* that the one whom he thus meets is such friend, relative or acquaintance, but at most the recognition is only an opinion, a belief. Such intellectual refinement would be wholly inapplicable to the administration of justice through the courts, or to the ordinary affairs of life.

Nor was it error to refuse an instruction that "such testimony should be subject to the closest scrutiny." *Noyes, French & Fickett* v. *Parker*, 64 Vt. 384. In that case, the province of the court and jury in respect to admissible evidence was considered and passed upon, as well as the right of the trial court in its discretion to give cautionary instructions, and this court adheres to what it there decided on this subject. The jury were instructed to fully consider all the circumstances and conditions under which these witnesses claimed to have seen the respondent at the time of the burglary as well as the circumstances of his subsequent identification, claimed to have been made by them. The jury were also told that they were not bound by the fact that these witnesses testified that the respondent was one of the burglars, and it was left for the jury to say what weight it would give to this testimony thus considered, and taken in connection with the evidence introduced by the respondent in support of an alibi. By such an instruction the respondent was given his full legal rights in that behalf.

V. The respondent requested the court below to charge the jury that if they were satisfied by a fair balance of the testimony that he was at West Lebanon at the time of the burglary, the verdict should be not guilty. To the refusal of the court to so

charge, he excepted. On the subject of the alleged alibi, the court among other things instructed the jury as follows:—

"An alibi is a defense which is established by showing that the person charged with the crime was at some place other than that where the crime was committed, at such a time that he could not have been at the place of the crime at the time of its commission. If the evidence offered to establish an alibi fails to show the accused at the place claimed at such a time that he could not have been where the crime was committed at the time of its commission, the alibi fails. In other words, if the accused might have been at the place he claims at the time shown, and yet might have been at the place of the crime at the time of its commission, there is no alibi. Of course, if it appears that the respondent was at West Lebanon at such a time that he could not have been in the Richford bank between the hours of two and three in the morning of November 6th, the alibi is made out, and the defense is complete." The respondent excepted to the charge as to what constitutes an alibi. Neither of these exceptions can be sustained. That part of the charge above quoted correctly and clearly defines an alibi, and this instruction was given for that purpose. It does not attempt to state the burden of proof resting upon the respondent in respect to his defense of an alibi considered as a separate issue. The jury were instructed that the State must establish the guilt of the respondent beyond a reasonable doubt to entitle it to a conviction, and that if the evidence in support of the alibi in connection with the other evidence, raised in their minds a reasonable doubt as to his guilt, he was entitled to an acquittal. This was a correct statement of the law, and more favorable to the respondent, than the instruction asked for by the request would have been. It was proper to thus submit the question of the alibi, instead of treating it as an independent issue. The respondent thus had all the benefit he could possibly derive from the evidence in support of the alibi. It would not have been error to have instructed the jury on the subject of an alibi separ-

ately from the main question. *State* v. *Ward*, 61 Vt. 192. Submitting the case to the jury as it did, there was no occasion for the trial court to charge the jury as to the measure and burden of proof applicable to an alibi considered separate and apart from the main question as to whether on all the evidence the guilt of the respondent was established beyond a reasonable doubt; therefore its omission to charge on that subject was not error.

*Judgment that there is no error in the proceedings of the County Court and that the respondent take nothing by his exceptions.*

A PETITION FOR A NEW TRIAL brought by the respondent to the Supreme Court was heard with the case on the exceptions. The petition was based on newly discovered evidence and was supported by a large amount of testimony, in the way of affidavits, in part cumulative and in part having a tendency to meet testimony introduced by the State in rebuttal.

THOMPSON, J.　The respondent's petition for a new trial was heard with his exceptions. The evidence in support of his petition is such that a new trial should be granted.

*Verdict set aside, new trial granted and cause remanded to County Court.*

*Taft*, C. J., dissented on question of new trial.