STATE v. HENRY M. WHITE.

October Term, 1904.

Present: TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 26, 1905.

*Criminal   Law—Larceny—Recent   Possession—Evidence—
Declarations of· Respondent.*

In a prosecution for stealing a team, the respondent's declaration, that the team was not his own, but was a hired team, made while the property was in his possession, and before he knew that any suspicion attached to him or that any search had been instituted, is admissible in his favor.

INFORMATION for larceny. Plea, not guilty. Trial by jury at the June Term, 1904, Orange County, *Rowell,* J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted.

The opinion states the case.

*J. K. Darling* for the respondent.

The offered declaration of respondent was admissible. 24 A. & E. Enc. (2 Ed.) 662; Rob. Dig. 285 § 195; *Rudd* v. *Rounds,* 64 Vt. 432; 18 A. & E. Enc. (2 Ed.) 509; *Com.* v. *Rubin,* 165 Mass. 453; *Danforth* v. *Streeter,* 28 Vt. 490; *Reg.* v. *Abraham,* 2 C. & K. 550.

*R. M. Harvey* for the State.

POWERS, J. The respondent was convicted of the larceny of a team which he had hired at Fairlee, Vt., and which he left at Franklin, N. H., after he had used it a part of the time covered by the contract of bailment. The State claimed that he obtained possession of the property with

felonious intent; this the respondent denied, and he claimed that the hiring and use of the team were *bona fide*. The respondent offered to show that while the property was in his possession at Hill, N. H., and before he knew that any suspicion attached to him or that any search had been instituted, he stated that the team was not his own, but was a hired team. This evidence was rejected, and we are called upon to determine its admissibility.

It is impossible to reconcile the conflicting decisions upon the question here presented. Authorities are not wanting which sustain the action of the trial court in excluding this evidence. Thus in *State* v. *Waters*, 139 Mo. 539, it was held that a respondent charged with stealing a horse, the taking of which he admitted, was not entitled to show that while the horse was in his peaceable possession, he told another that it did not belong to him, the decision being put upon the ground that the statement was too remote in point of time from the original act of taking the horse. To the same effect are *State* v. *Pettis*, 63 Me. 124, and other cases.

On the contrary, Baron ALDERSON charged the jury in *Reg.* v. *Abraham*, 61 E. C. L. 550, that if it had appeared that, before suspicion attached on the prisoner, he had given this account of his possession of the property to his neighbors, the property being there at the time and before search made, he had not the slightest doubt that, *valeat quantum*, this would have been very competent evidence for the prisoner; and this doctrine has been affirmed in several subsequent English cases, and this very language is quoted with approval by Judge TAFT in *State* v. *Daley*, cited below. In *State* v. *Young*, 41 La. Ann. 94, the respondent offered to show that at the time of and prior to her arrest, she showed the article alleged to have been stolen, told to whom it belonged, and that she took it by mistake. The exclusion of this evidence was held to be error.

*Smith* v. *State,* 103 Ala. 40, is to the same effect, and so are *Payne* v. *State,* 57 Miss. 348, *Com.* v. *Rowe,* 105 Mass. 590, and *Walker* v. *State,* 28 Ga. 254.

Underhill states the rule to be that any declaration made by the accused explaining the reason or character of his possession, if made while it lasts, is admissible as a part of the *res gestae* for or against him. Und. Crim. Ev. § 302. See also II Bish. Crim. Pro. § 746, and III Wig. Ev. § 1781, and n. 4, where the authorities, both English and American, are collected.

The recent possession of stolen property being an incriminating circumstance, it is legitimate for a respondent, in order to repel the presumption of guilt arising therefrom, to show that his possession of the property was open and not secretive,—*State* v. *Fitzgerald,* 72 Vt. 142, 47 Atl. 403,—and his acts and conduct in respect of his possession being admissible, his declarations made at the time, tending to explain or give character to those acts are also admissible. *State* v. *Daley,* 53 Vt. 442. So it is when, as in this case, the vital point is the *intent* with which the respondent obtained possession of the property, his subsequent conduct in respect to his possession thereof is a material fact, and his utterances relative thereto which tend to characterize that possession are admissible in his own behalf.

While we are not required to go to the length of some of the authorities above cited which allow statements as to the manner in which the possession was acquired,—which we reject, *State* v. *Totten,* 72 Vt. 73, 47 Atl. 105,—we think this evidence should have been received.

Other exceptions to the rejection of evidence were taken at the trial, but they are not insisted upon in the respondent's brief, and are not considered.

*Exceptions sustained, judgment and sentence vacated, and cause remanded for new trial.*