THOMAS J. BROWN v. STATE OF NEBRASKA.

FILED MARCH 13, 1915. No. 18,671.

1. **Larceny: Possession of Stolen Property: Inference.** In a prosecution for larceny, the jury, in determining the inference to be drawn from the possession of recently stolen property, should consider whether accused kept and sold it openly, where there is proof of that fact.

2. ———: ———: **Instruction.** In a prosecution for larceny, an instruction referring directly to defendant's possession of stolen property, and requiring the jury to consider it carefully, where there is nothing else from which the guilt of defendant could be inferred, should likewise call attention to proof, if any, that he kept and sold the property openly.

Brown v. State.

ERROR to the district court for Cherry county: WILLIAM · H. WESTOVER, JUDGE. *Reversed and dismissed.*

*Walcott & Walcott* and *Allen G. Fisher,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

ROSE, J.

In a prosecution by the state in the district court for Cherry county, Thomas J. Brown, defendant, was convicted of stealing seven cows belonging to Thomas Byron, and for that offense was sentenced to serve in the penitentiary a term of not less than one nor more than ten years. As plaintiff in error he now presents for review the record of his conviction.

Defendant was formerly convicted of the same offense, but his sentence was set aside for error in the proceedings. The circumstances relating to the loss of the cows and to defendant's possession thereof several months later are narrated at some length in the former opinion and need not be restated here. *Brown v. State,* 88 Neb. 411. In reviewing the record of the first conviction it was said:

"These cattle had been openly in possession of the defendant for about six months. There was therefore little, if any, presumption of guilt from the possession of the stolen property."

In the present record there is no evidence to sustain the conviction, unless the guilt of defendant may be inferred from his possession, which he and his witnesses explained as follows: In November, 1909, a man from Marsh Lake, giving the name of W. M. Hammers, came to defendant's house and asked for dinner. During the meal Hammers mentioned that he was driving the cattle to Valentine to market. After dinner they were sold to defendant. On the night of the arrest defendant drove home from Arabia to inform his wife and to get a book in which he had written the name of the seller. He did not go into the house because his wife, who was sick, had gone to sleep. The book

was produced at the first trial, but had been lost before the second. The cows described in the information were branded, but defendant did not know what the brand was. They were kept with his own cattle in an open pasture crossed by two roads. His wife testified that he bought the cows, but her previous statements indicated that she did not know about the sale. Another witness stated that a man with a bunch of cattle turned into defendant's place early in November, 1909. After defendant's possession had been thus explained, witnesses for the state testified there was no one named Hammers at Marsh Lake or in that vicinity. With defendant's possession explained in the manner indicated, the trial court gave the following instruction:

"You are instructed that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant a jury in inferring the guilt of the party in whose possession it is found. Whether such inference should be drawn is a question of fact exclusively for the jury. In this case you should carefully consider the evidence of the state as to the defendant's possession of the stolen property, the length of time he had such possession, his explanation of the way he came into possession of the cows, as well as all the other evidence in the case, and then draw such inference therefrom as you may be convinced the evidence warrants."

Though there was no direct evidence that defendant had stolen the cows, the instruction refers directly to his possession—the only circumstance from which his guilt could be inferred—and directs the jury to consider it carefully, without making any direct reference whatever to evidence that he had kept and sold the animals openly. The law is that the jury, in determining the inference to be drawn from the possession of recently stolen property, should consider whether accused kept and sold it openly, where there is proof of that fact. *State v. Fitzgerald,* 72 Vt. 142. An instruction referring directly to possession and requiring the jury to consider it carefully, where there is nothing else from which the guilt of accused can be inferred, should

likewise call attention to proof, if any, that he kept and sold the property openly. In this respect at least the instruction cannot be approved.

Considering that there is no direct evidence of the guilt of defendant, that a considerable time elapsed before the missing animals were found in his possession, that he testified to having purchased them from a stranger, that he openly kept and sold them, and that he is entitled to the presumption of innocence, his conviction rests on inference and conjecture too uncertain to satisfy the demands of the criminal law. The weakness of the prosecution was pointed out in the former opinion. It was not materially strengthened when the case was retried. For these reasons, the conviction is set aside and the prosecution is dismissed.

REVERSED AND DISMISSED.

MORRISSEY, C. J., not sitting.