STATE v. GEORGE GILE.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 25, 1919.

*Criminal Law—Witness—Voluntary Statement—Responsive Answer to Question Not Objected to—Statutory Rape— Complaint by Prosecutrix—Corroboration—Evidence—Conclusions of Witness—Explanatory Evidence—Appearance of Prosecutrix—Burden on Exceptor to Show Error—Information—Sufficiency—Surplusage.*

Where a witness volunteered a statement which was not objected to, and no motion was made to strike it out, there is nothing on which to predicate error.

An objection made and exception taken after an answer responsive to a question was given, were too late to be availing.

In a prosecution for statutory rape, evidence that the prosecutrix made complaint to a third person is admissible in corroboration of her testimony, regardless of the question of consent.

Reversible error is not shown in the overruling of an objection to a question calling for a conclusion, where the witness testified in detail as to what she observed, and it does not appear whether or

not she did or could state fully all the facts upon which the conclusion was based, and the Court is unable to say that the case does not fall within the exception to the general rule that permits a witness, after stating what he observed so far as was practicable, to add his opinion or conclusion.

Where the mother of the prosecutrix and wife of the respondent testified that she had spoken but once to him about his conduct toward the prosecutrix, her testimony that she did not speak to him more because she was afraid of him was admissible as explaining her conduct in failing to do what was natural for her to do under such circumstances.

The witness to whom the prosecutrix made complaint was properly permitted to testify how the prosecutrix appeared at the time, the rule not being limited to the time before the prosecutrix made complaint to any one.

The Supreme Court cannot assume error; the burden being on the exceptor to make it affirmatively appear that error has been committed.

If an offence sufficient to maintain an indictment be well laid, the information is sufficient although other facts be ill laid; the latter being surplusage.

INFORMATION in two counts; one for statutory rape, and the other for assault with intent to commit rape. Plea, not guilty. Trial by jury at the May Term, 1918, Windsor County, *Butler*, J., presiding. Verdict of guilty of assault with intent to commit rape, and judgment thereon. The respondent excepted. The opinion states the case.

*Gilbert F. Davis* (assigned) for the respondent.

*W. S. Pingree*, State's Attorney, for the State.

MILES, J. This is an information in two counts, charging the respondent in the first count with statutory rape and in the second count with an assault with an intent to commit rape. The exceptions refer to the transcript and make the same controlling, but we have not been furnished with it, and have only such portions of it as are furnished by the stenographer under the rules of the county court.

The first exception briefed by the respondent is to a ques-

tion asked the prosecutrix, who had testified to an assault made upon her by the respondent, on a certain night, and to certain acts of the respondent on that occasion. The question objected to was as follows: "Now, in the morning did you say anything to anybody about that?" The witness answered: "I told my mother." Thereupon counsel for the respondent said: "I object." To this the court said: "It may stand." To this the respondent's counsel said: "Exception for the defendant." The witness said: "That I was not going to sleep with him any more." Immediately thereupon the court said: "You needn't say what you told her." No other objection was made to this evidence, and no exception was noted. In substance, the respondent's asignment of error goes to the statement volunteered by the witness which the court promptly checked. The statement was not objected to; and, in the absence of a motion to strike it out, there is nothing on which to predicate error.

The prosecutrix was further asked by the State's attorney, what the respondent said to her on a certain occasion, to which she replied: "He told me he was going to take me and the woman on the hill. I asked him who it was, and he said it was Helen. He was going to take her and I, and leave my mother and the children, and take me to Canada or Florida, and I was going to stay with him and do as he told me." After the answer was given, respondent's counsel said: "We object to that, and ask to have it stricken out, it has nothing to do with the case." The court ruled that it might stand, and gave the respondent an exception. The answer was responsive to the question, and the objection and exception were too late and unavailing. *State* v. *Fitzgerald,* 72 Vt. 142, 47 Atl. 403; *State* v. *Powers,* 72 Vt. 168, 47 Atl. 830; *State* v. *Ward,* 61 Vt. 185, 17 Atl. 483.

The prosecutrix, after testifying, without objection, to telling a Mrs. Burnham, about acts of the respondent, was further asked: "What did you do while telling her this story?" The witness answered: "I was sitting in the sittting room with her." The question was objected to on the ground that the State's attorney could not go into detail. After the answer was given the respondent's counsel said: "I object further to this line of evidence on the ground that, this being statutory rape, the element of consent is not in it, and this line of evidence is only admitted in this class of cases on the question of consent."

The first ground of objection is disposed of by what fol-

lowed; for it is not shown that the witness went into detail after the objection was made, and as to the second ground it is enough to say that evidence that the prosecutrix made such complaint is admissible in corroboration of her testimony, regardless of the question of consent. *State* v. *Wilkins and Blow,* 66 Vt. 1, 28 Atl. 323. This case, where the issue of consent was not in dispute, fully settles the law in this State upon that point. See also *State* v. *Niles,* 47 Vt. 82; *State* v. *Knapp,* 45 N. H. 148. Besides this objection·was made after the answer was given, and the answer being responsive to the question, the objection came too late.

The mother of the prosecutrix and wife of the respondent, having testified to indecent acts of familiarity on the part of the respondent toward the prosecutrix on a certain occasion, was asked: "I ask you whether there was another occasion, or any other occasion through the year of 1917 and up to January in 1918, when you saw anything that you regarded as wrong on his part toward the daughter?" Respondent's counsel objected that it called for her inference. The objection was overruled, and an exception noted. The witness answered: "During the summer months I have seen him do things I thought he ought not to do." In the circumstances, the exceptions do not show reversible error. The question called for a direct answer. While it embraced a conclusion, it was merely introductory, and was intended to direct the attention of the witness to matters presently inquired about. Immediately following the answer now complained of, the witness testified somewhat in detail as to what she had observed; but it does not appear whether she did or did not, nor whether she could state fully all the acts, looks, motions, or signs observed by her, indicating his designs, whether evil or otherwise. We cannot say that this case does not fall within the exception to the general rule that permits a witness, after stating what he had observed so far as was practicable, to add his opinion or conclusion. *In re Clogston's Will,* 93 Vt. 46, 106 Atl. 594; 2 Jones on Ev., sec. 360.

The same witness had testified that she had spoken but once to the respondent respecting his conduct toward the ·prosecutrix, and thereupon she was asked why she did not speak to him more, to which she replied: "Because I was afraid of him." That this was admissible is clear. It was received to explain the conduct of the mother in failing to do what was natural for a

mother to do under such circumstances, and the ruling is fully sustained in *State* v. *Wilkins and Blow, supra.*

Mrs. Burnham, a witness to whom the prosecutrix entered her complaint, was asked how the girl appeared at the time of making the complaint. She answered that the girl appeared very nervous. This was objected to as going beyond the rule. The rule is not limited, as claimed by the respondent's counsel, to the time before the prosecutrix makes complaint to any one, and the authority cited by him does not so hold. The holding there is otherwise. *State* v. *Bedard,* 65 Vt. 278, 26 Atl. 719.

Alfred L. Farmer, a witness for the State, was asked: "Mr. Farmer, I want to ask you whether George Gile has a reputation in the community in which he lives, as to his moral character?" He answered: "Yes, sir." He was then asked: "Is that reputation good or bad?" Attorney for the respondent then said: "When, before this charge was made?" To this the State's attorney replied: "You didn't confine your questions to any period of time." The respondent's attorney said: "If that is omitted I except." The witness then answered: "Bad." The foregoing is all that we have of the record upon which to determine the question submitted to us, except what the court said to the State's attorney in admitting the evidence. The court said: "You may ask it if you want it, in view of his testimony"—referring to the testimony of the respondent, "that he has put in." Counsel disagree as to what the respondent had put in relating to the evidence of reputation; the State claiming that the respondent had put in evidence without limiting it to a time before the charge against the respondent was made, and the respondent claiming otherwise. The transcript not being produced, and it not affirmatively appearing that similar evidence, unlimited as to time, had not been put in by the respondent, we cannot say that such evidence had not been put in by him, or that the court erred in admitting the evidence. We cannot assume error. As we have often said, the exceptor must make it affirmatively appear that error has been committed, and this he has not done in presenting this exception.

The point raised by the eighth and last exception briefed by the respondent is that the time is alleged with a *continuando* invalidating the information for want of sufficient certainty as to time. This allegation is in no way inconsistent with the positive allegation of time contained in the count, and is altogether

superfluous and useless, and may well be rejected as surplusage, according to the maxim, *"utile per inutile non vitiatur."* If an offence, sufficient to maintain an indictment, be well laid, it is good enough, although other facts be ill laid. *State* v. *Munger,* 15 Vt. 290. In the count to which this exception is directed there was an offence alleged sufficient to sustain the information. We find no error under this exception.

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*