STATE, RESPONDENT, *v.* LIVERMORE, APPELLANT.

(No. 4,696.)

(Submitted March 8, 1921. Decided March 29, 1921.)

[196 Pac. 977.]

*Criminal Law—Grand Larceny—Prior Conviction—Names—Identity—Presumptions—Improper Instruction—Evidence—Admissibility.*

Grand Larceny—Prior Conviction—Identity of Defendant—Presumptions—Improper Instruction.

1. Defendant was charged with the crime of grand larceny and with the prior conviction of a like offense. The only evidence introduced by the state for the purpose of identifying defendant as the person formerly convicted was the judgment-roll in the prior action. The court instructed the jury that the name of the defendant being the same in both cases, the presumption followed that he was the same person, and that unless such presumption were controverted, they were bound to find accordingly. *Held,* prejudicial error, in that the instruction took from the jury the question whether defendant was in fact the same person who had suffered prior conviction.

Same—Prior Conviction—Evidence—Presumption of Innocence.

2. The presumption of innocence under a charge of prior conviction attends the defendant throughout the trial the same as under any other charge, and can only be removed by evidence *aliunde* the judgment in the former action, convincing the jury beyond a reasonable doubt that the accused is the same person formerly convicted.

Same—Evidence—Admissibility.

3. Evidence offered by defendant to the effect that, at a time before he knew he was suspected of having stolen the saddle for the

---

1. Identity of name of defendant in criminal prosecution with name of person previously convicted as establishing identity of person, see notes in 6 Ann. Cas. 1026; 14 Ann. Cas. 589.

[59 Mont. 362.]

larceny of which he was on trial, he had told witness that someone had left the saddle at his place and requested him to inform the owner of that fact, was improperly excluded.

*Appeals from District Court, Hill County; Frank E. Carleton, Judge.*

A. B. LIVERMORE, convicted of the crime of grand larceny, appeals from the judgment and an order denying his motion for a new trial. Reversed.

*Mr. Victor R. Griggs,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. Gael G. Wilson,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Wilson* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The defendant was charged, in the district court of Hill county, with the crime of grand larceny in stealing a saddle and other personal property of value sufficient to constitute the offense. He was also charged in the same information with having pleaded guilty to an offense of like grade on January 23, 1914, upon which a judgment of conviction was entered against him. Upon a plea of not guilty he was tried, found guilty as charged and given an indeterminate sentence of from ten to twenty years in the state penitentiary. From the judgment and an order overruling his motion for a new trial he appeals.

Upon the trial, the state sought to prove the substantive [1] charge, and also that he was the person named in the judgment of former conviction. The state failed to introduce evidence identifying the defendant on trial as the person against whom the former judgment was pronounced, other than the judgment-roll in the former case. The court, as a matter of law, instructed the jury that the name of the defendant in the later charge being the same as that of the defendant pre-

viously convicted, the presumption followed that he was one and the same person; and, further, that unless that presumption were controverted, the jury were bound to find in accordance with it. Of this appellant complains on the ground that the instruction took away from the jury the question whether the defendant was in fact the same person who had suffered the prior conviction.

Section 8897 of the Revised Codes provides a greater punishment when the defendant is found to have been previously convicted of an offense punishable by imprisonment in the state penitentiary. When additional punishment is sought because of a prior conviction—an element of crime itself (sec. 8897, *supra*)—proof of it must be made, and the verdict of the jury must be delivered upon that proof. The truth of every averment against a criminal offender must be established by evidence which satisfies the jury beyond a reasonable doubt. (*State* v. *Koch*, 33 Mont. 490, 8 Ann. Cas. 804, 85 Pac. 272.) The fact that a defendant has been accused and convicted of a separate and distinct offense in another action does not change the rule nor serve to relax it in the least. The presumption of innocence is just as potent under such a charge as under any other, and must be preserved in all its integrity until the contrary appears. In the case at bar, the state is insisting upon an increased punishment upon the bare fact that the name of the defendant in the two cases is the same, without any proof independent of the judgment-roll, to show it. Identity of name is presumptive evidence of identity of person (Rev. Codes, sec. 7962, subd. 25)—nothing more; but in a criminal action it cannot be said, as a matter of law, that it takes the place of a showing, beyond a reasonable doubt, that the defendant previously convicted is the person against whom the substantive charge is made. The effect of the finding upon the averment of a prior conviction was to fix the identity of the accused without any evidence other than similarity of name, and to bring upon him the enhanced penalty at the expense of constitutional guaranties no statute can impair. The jury

should not have been left with the impression that identity of name signified more than a mere presumption that the person [2] charged was the person previously convicted. The court should have clearly announced that the presumption of innocence attending the defendant throughout the trial could only be removed by evidence *aliunde* the judgment, convincing the jury beyond a reasonable doubt that the A. B. Livermore on trial was the person against whom a similar judgment already stood. Had the attention of the court been called to the opinion of Chief Justice Brantly in the case above elucidating this important principle, the error now complained of would have been avoided. There the court told the jury that they could find the defendant guilty of murder in any of its degrees, or of voluntary or involuntary manslaughter, but they could not acquit him. This was held to be reversible error because the court took from the jury a substantive issue of fact by declaring it to be one of law. In closing, the opinion observes that, "While the jury should take the law as laid down by the court and be governed by it, except in libel cases, wherein they are the judges of the law and fact (Const., Art. III, sec. 10; *Paxton* v. *Woodward*, 31 Mont. 195, 78 Pac. 215), the person accused may not be deprived of his absolute right to have the question of his guilt or innocence not only of the particular crime charged, but of any included therein, determined by the jury without coercion by the court."

Error is also charged against the ruling of the trial court in [3] refusing to entertain the following offer of proof: "Comes now the defendant and offers to prove by the witness, Tom Stevens, on the stand, that he was at the residence of the defendant in this case, on the twenty-fifth day of December, 1918, in the forenoon and before the defendant knew he was suspected of stealing a saddle and that in the barn on the defendant's place, with the saddle in question in the barn, the defendant told the witness, Stevens, that a couple of days before a party came along and left the saddle there and said it was the property of Wess Smith, and that he asked the de-

fendant to notify Wess Smith the next time he saw him that his saddle was at his, the said defendant's, place, and that the defendant at that time told the witness Stevens that if he should see Wess Smith before he did, to notify him that his saddle was at his, the defendant's place." The court refused to admit the evidence tendered in the offer. Unconvincing as this class of evidence may be, its admissibility is beyond dis-· pute, and the court was wrong in ruling it out. Its frailty, if any, was in its weight—not in its competency. This is apparent from the statement of the rule announced in *State* v. *White,* 77 Vt. 241, 2 Ann. Cas. 302, and cases in note, 59 Atl. 829, that in a prosecution for larceny the defendant may give in evidence statements made by him while the property alleged to have been stolen was in his possession and before he knew that he was suspected of having stolen the same, to the effect that the property was not his own but belonged to another.

There is no merit in the seventh assignment. The jury left the punishment to be fixed by the court, and could not, therefore, have been influenced by the instruction complained of.

For the reasons given, the judgment is reversed and a new trial ordered.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Holloway and Galen concur.