## J. AVILA QUESNEL *v*. HERMAN F. SMITH.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

*Crowley & Smith* for the defendant.

*Lawrence, Stafford & O'Brien* for the plaintiff.

SHERBURNE, J.   Each of the parties pastured a number of cows in a third person's pasture.  When the plaintiff sent his sons to get one of his cows they could not find it in the pasture,

and he was informed that the defendant had taken it. Shortly thereafter he recognized this cow in defendant's yard with defendant's cows. Upon defendant's refusal to let the plaintiff take the cow this suit was brought. Verdict and judgment were for the plaintiff and the case comes here upon exceptions saved by the defendant.

In the direct examination of the plaintiff he was asked if the defendant made any threats when he went for the cow and he replied "Yes." He was then asked what was said by the defendant and he replied: "Mr. Smith told me that he shot a man for less than what I told him." Whereupon defendant's attorney objected and said: "That is for the purpose of prejudice." The court then asked the purpose of the offer and, after being informed that it was evidence of malicious intent upon the question of punitive damages, said: "The answer is received subject to your exception."

This shows no question saved for review. No objection was made or exception taken to the question until after it had been answered. Since the answer was responsive, and it did not appear that an objection could not have been seasonably interposed, the exception was too late to be availing. *State* v. *Ward,* 61 Vt. 153, 185, 17 Atl. 483; *State* v. *Fitzgerald,* 72 Vt. 142, 144, 47 Atl. 403; *State* v. *Powers,* 72 Vt. 168, 171, 47 Atl. 830; *State* v. *Gile,* 93 Vt. 142, 144, 106 Atl. 829; *State* v. *Conley,* 107 Vt. 72, 75, 176 Atl. 300. But assuming from what followed that the court treated the objection as timely, the question is so inadequately briefed that we are unable to determine if the question was proper without an independent search of the transcript. All that the defendant says in his brief is to contend that the answer was injected for the sole purpose of injecting prejudice against the defendant in the minds of the jury, and that the jury could have no other opinion than that he was a malicious person and the sort of a person who would stoop to a wilful, deliberate and malicious conversion, so that he was irreparably harmed by the fact that the answer was allowed to stand, and although no motion to strike was made, he now says the answer should have been stricken out. No authorities are cited, no grounds are stated, nor is the point supported by argument. This is inadequate briefing and the question is not for consideration. *Dailey* v. *Town of Ludlow,* 102 Vt. 312, 316, 147 Atl. 771, and cases cited; *Paska* v. *Saunders,* 103 Vt. 204, 213, 153

Atl. 451; *Town of Hartland* v. *Damon's Est.*, 103 Vt. 519, 526, 156 Atl. 518; *Dependents of Vlahos* v. *Rutland Restaurant*, 104 Vt. 188, 190, 157 Atl. 832.

No other exceptions are briefed.

*Judgment affirmed.*