Ernest L. Gregoire *v.* Arthur Willett.

May Term, 1939.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 3, 1939.

*Fred E. Gleason* for the defendant.

*C. O. Granai* for the plaintiff.

STURTEVANT, J. In this action, plaintiff seeks to recover for personal injuries received by him in an automobile accident, which accident, as plaintiff claims, resulted solely from defendant's negligence. Below, a verdict was returned for plaintiff and judgment was rendered thereon. The case is here upon defendant's exceptions.

During the trial the plaintiff was asked the following question by his counsel: "Did you do all that you could do at that time to avoid this accident?" The plaintiff was allowed to answer this question over defendant's objection, the answer being as follows: "Yes, sir, I did everything that could be done." The first question briefed by defendant is his exception to the ruling of the court allowing this answer to be given. At the time this question was asked the plaintiff had testified in detail as to what he saw and did just before the accident.

Defendant argues that there is a clear distinction between permitting the statement whether the witness *knows* of anything

he could have done which he did not do to avoid the accident and permitting him after he has stated what he did or did not do to state whether he *did* all that he could do to avoid the accident. It is contended that to permit the latter was to allow the witness to state his opinion as to his own conduct and invaded the province of the jury and so under the circumstances of the case it was error to allow the answer. However, we do not need to give further consideration to this contention because if there was error here, a question which we do not decide, such error appears to have been harmless because at the time this question was answered by plaintiff he had already told in detail just what he did as to turning to his right and as to applying his brakes. Since the jury had before them a detailed account of plaintiff's conduct just before and at the time of the accident they could have failed to find him free from contributory negligence unless they believed that the evidence fairly showed him to be so. Under the circumstances here it is not shown that the error, if any, was prejudicial and therefore it does not effect a reversal. *St. Albans Granite Co.* v. *Elwell & Co.*, 88 Vt. 479, 483, 92 Atl. 974; *Wood* v. *James*, 93 Vt. 36, 43, 106 Atl. 566; *Higgins, Admr.* v. *Metzger*, 101 Vt. 285, 296, 143 Atl. 394.

The next exceptions briefed by defendant under subdivision II relate to the refusal of the court to grant his motion for a directed verdict at the close of plaintiff's case. However, defendant, after saving these exceptions, proceeded with his case and thereby waived them and therefore we give no further consideration to same. *W. H. Hobbs & Son* v. *Grand Trunk Ry. Co.*, 93 Vt. 392, 397, 108 Atl. 199; *Grapes* v. *Rocque*, 97 Vt. 531, 536, 124 Atl. 596; *Campbell* v. *Bryant*, 98 Vt. 486, 488, 129 Atl. 299; *Bean* v. *Colton*, 99 Vt. 45, 47, 130 Atl. 580.

The exception briefed by defendant under subdivision III relates to the refusal of the court to grant his motion for a directed verdict made at the close of all the evidence. This motion was on two grounds, viz., (1) that the evidence does not show the plaintiff free from contributory negligence, and (2) that there is no evidence warranting a finding by the jury that the defendant was guilty of any negligence which contributed to the accident as a proximate cause of it.

In considering this motion we must consider the evidence in

the light most favorable to the plaintiff, and we must also give consideration to such inferences as might reasonably be drawn by the jury from the facts appearing in evidence. *Pacific Lumber Agency* v. *National Aircraft Materials Corp.*, 108 Vt. 10, 15, 182 Atl. 192; *Picknell* v. *Bean,* 99 Vt. 39, 41, 130 Atl. 578; *Partridge* v. *Cole*, 96 Vt. 281, 285, 119 Atl. 398, 32 A. L. R. 854.

So construed, the evidence shows the following facts: Between the hours of two and three o'clock on the afternoon of October 20, 1937, plaintiff was driving his automobile in a southerly direction on River Street in the city of Montpelier on his way to Barre. At all times material here it was raining hard. The road was nearly straight and nearly level and the surface was concrete, and this hard surface was 18 feet wide, made up of two strips, each 9 feet wide with a dividing line marking the center. On the easterly side of this highway were located a shed and office building belonging to the Eureka Granite Co. Just northerly of one of these buildings was a driveway leading from the road downward on a grade of about 2 percent to a parking space in the rear of said office building. On the westerly side of this road at a point nearly opposite the aforementioned driveway was located a filling station. As plaintiff approached a point in this road lying between said driveway and said filling station, he was proceeding at a speed of from 20 to 25 miles per hour, on his right hand side of said highway. When at a point about 20 to 25 feet northerly of the place where said driveway extended would cross said highway, plaintiff saw defendant's car, then being driven by defendant, coming out of said driveway. Plaintiff at once let up on his gas and kept his eye on defendant's car. Defendant's car entered upon the cement and "shot" across the road toward the gas station. As soon as plaintiff saw that defendant intended to cross the road, he, plaintiff, slammed on his brake, which was working well, and pulled to his right. Defendant's car struck the left side of plaintiff's car hitting same on the side near the left front wheel. Plaintiff was thrown forward and was injured to some extent by the impact, and his car was also damaged on the left side. Defendant did not see plaintiff's car until he hit it. There was nothing to prevent defendant from having seen plaintiff and his car as defendant came out of the driveway onto the road, had he

made a reasonable effort to do so. Defendant was employed at the above mentioned buildings of the Eureka Granite Co., but was not working on the day of the accident although he had been, for a time before the accident, in or about the buildings and had his car parked in the usual parking place for employees. Defendant was familiar with said highway at the place of the accident and in a general way knew about traffic conditions there. At the time of the accident he was attempting to drive across said highway to said filling station to purchase some gas. Defendant made no reasonable effort to see whether any traffic was approaching from the north, that is, from his right, before starting to cross this road but attempted to cross said highway in careless disregard of his own safety and the safety of others who might be approaching from the north at that time.

That, under these circumstances, the jury was warranted in finding the defendant guilty of negligence which contributed to this accident as a proximate cause of it, is too clear to require further notice or comment.

■ Defendant contends that plaintiff could have at once applied his brakes and turned to his right onto ground in front of the filling station, when he first saw defendant's car coming out of the driveway, and that because plaintiff did not do so, plaintiff was guilty of contributory negligence. Since plaintiff first saw defendant's car coming out of the driveway when he, plaintiff, was at a point 20 to 25 feet northerly of where the collision occurred and plaintiff was travelling 20 to 25 miles per hour, it follows that the accident happened about two-thirds of a second after plaintiff first saw defendant's car. However, when plaintiff first saw defendant's car, he had no reason to know and, as appears from the evidence, did not know that the defendant intended to drive across the road regardless of traffic approaching from the north. Just how far from the point of the collision plaintiff was when he saw and understood or should have seen and understood that defendant was going to drive across the road is not shown by direct evidence, but it must have been somewhat less than 20 to 25 feet, and so the collision appears to have occurred less than two-thirds of a second after plaintiff knew or should have known the danger confronting him. There is also evidence that when plaintiff saw

that defendant was going to drive across the road he "slammed" on his brake and pulled over to his right so that his left wheels were near the westerly edge of the cement and that the Rocque car, being parked where it was, interfered with plaintiff pulling farther to his right. While defendant claims that plaintiff should have applied his emergency brake, there is no evidence that an application of the emergency brake would have been more effective than the application of the service brake, which was in good working order. Although plaintiff was required to act instantly, there is evidence from which the jury could reasonably find that, so far as conditions and circumstances permitted, plaintiff attempted to avoid this accident by doing the very things which defendant claims he should have done. The jury could also reasonably find that plaintiff did these things as soon as he knew or should have known that defendant intended to drive across the road. It is clear that under these circumstances we cannot say as a matter of law that the evidence did not warrant the jury, acting reasonably, to find the plaintiff free from contributory negligence. This exception is not sustained.

■ Defendant, under subdivision IV of his brief, states that he saved certain exceptions to the court's charge, viz., (1) to the charge with respect to the doctrine of sudden emergency; (2) to the charge with reference to the loss of wages; and (3) to the submission to the jury of the issue of negligence on part of defendant and the issue of freedom from contributory negligence on the part of plaintiff. Questions 1 and 2 as above stated are not briefed further than to state the grounds upon which exceptions were taken and are therefore waived. Hence we do not consider them. *Quesnel* v. *Smith*, 108 Vt. 373, 374, 187 Atl. 374; *Dailey* v. *Town of Ludlow*, 102 Vt. 312, 316, 147 Atl. 771; *Paska* v. *Saunders*, 103 Vt. 204, 213, 153 Atl. 451; *Town of Hartland* v. *Damon's Estate*, 103 Vt. 519, 526, 156 Atl. 518; *Dependents of Vlahos* v. *Rutland Restaurant*, 104 Vt. 188, 190, 157 Atl. 832; *Carr* v. *Carr*, 100 Vt. 65, 71, 135 Atl. 5.

Question 3 is disposed of by what has been hereinbefore stated.

Under subdivision V defendant has briefed his exceptions taken to the refusal of the court to grant his motion to set the verdict aside. Questions raised here are covered by what we

have hereinbefore stated in dealing with questions raised under subdivision III of defendant's brief.

All questions briefed by defendant have been disposed of and no error appears.

*Judgment affirmed.*